FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/19/2023 9:20 AM
JAMIE SMITH
DISTRICT CLERK
23DCCV1317

NO. 23DCCV1317

| | | |
|---|---|---|
| PHIL SALTER | § | IN THE DISTRICT COURT |
| | § | |
| | § | OF JEFFERSON COUNTY, TEXAS |
| vs. | § | |
| | § | |
| 91 JET, LLC, JASON M. NOLL | § | |
| aka JASON M. NOSS, INDIVIDUALLY | § | 136th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW PHIL SALTER, Plaintiff, and files his Original Petition against 91 JET, LLC, JASON M. NOLL aka JASON M. NOSS, INDIVIDUALLY, and in support thereof would show unto the Court the following:

### DISCOVERY CONTROL PLAN

Plaintiff requests that this case be governed by a Level 2 Discovery Control Plan.

### PARTIES AND SERVICE

Plaintiff is an individual residing in Jefferson County, Texas.

Defendant, JASON M. NOLL aka JASON M. NOSS, Individually may be served with citation at 0N511 Charlotte Drive, Geneva, IL 60134-5408 or wherever he may be found.

Defendant, 91 JET, LLC may be served citation at 0N511 Charlotte, Drive, Geneva, IL 60134-5408 or wherever they may be found.

### JURISDICTION AND VENUE

This Court has jurisdiction over this matter in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is proper in under Section 15.002 of the Texas Civil Practice & Remedies Code, as all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Jefferson County, Texas. Venue is also proper in Jefferson County under the Texas Deceptive Trade Practices Act.

## FACTUAL BACKGROUND

In the later part of 2022, Defendant entered into negotiations with Plaintiff for the purchase of his Waco aircraft.

During this time period, both parties had extensive communications and an agreement was entered between them. Plaintiff would purchase the Waco aircraft plus an additional $15,000.00 and Defendant would also receive Plaintiff's Pitts Model 12 aircraft.

This transaction occurred based on the representation Defendant made as to specification, specific equipment and quality of the Waco aircraft. Plaintiff relied upon Noll's representations in good faith and only entered into this transaction based on his description and/or portrayal of the aircraft itself.

The following transaction misrepresentations made by Defendant were as follows:

1. The Waco engine did not have Roller Bearing Modification to the engine;
2. The aircraft was not equipped with a Jasco Alternator;
3. There was not a current annual done prior to delivery for sale; and
4. A correct Bill of Sale was not provided in order to comply with FAA requirements.

By Defendant failing to disclose the above information concerning the safety and integrity of the aircraft, as well as fraudulent and misrepresentations or omissions made by Defendant rendered the Waco aircraft unworthy. Plaintiff directly suffered economic damage caused by Defendant.

Scanned with CamScanner

Plaintiff had made several attempts to address this problematic situation with Defendant and provide them with the opportunity to cure and/or correct the problems with the aircraft, but Defendant has ignored Plaintiff's attempts in this regard.

## CAUSE OF ACTION: VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES – CONSUMER PROTECTION ACT

Plaintiff hereby brings a cause of action against Defendants for violations of the Texas Deceptive Trade Practices Act. According to the facts and claims state above, Defendants' actions, inactions, wrongs and/or omissions, including Defendants' failure to inform Plaintiff of the significant issues with the Waco Aircraft, subject of this suit, of which Defendants were fully aware, constitutes at least the following "false, misleading, or deceptive acts or practices" under Section 17.46(b) of the Texas Business and Commerce Code:

a. Failing to disclose information concerning goods or services which was know at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed (Section 17.46(b)(24));

b. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not (Section 17.46(b)(5));

c. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another (Section 17.46(b)(7)); and

Scanned with CamScanner

  d. Advertising goods or services with intent not to sell them as advertised (Section 17.46(b)(9)).

**Unconscionable Actions:** Defendants' actions also constitute a violation of Section 17.50(a)(3) of the Texas DTPA, as Defendants engaged in an unconscionable course of action when they intentionally kept hidden from Plaintiff.

Plaintiff will seek at trial, pursuant to Section 17.50(b)(1) of the Texas DTPA, the imposition of three times the amount of economic damages from the trier of fact in this matter on the grounds that Defendants' conduct was committed knowingly ("treble damages").

### CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY

Plaintiff hereby brings a cause of action against Defendants for breach of implied warranty. According to the facts and claims stated above, the aforementioned "false, misleading, or deceptive acts or practices" under Section 17.46(b) of the Texas Business and Commerce Code also constitutes breaches of express or implied warranties in providing this aircraft to Plaintiff, specifically implied warranties, which Plaintiff, as a consumer under the Texas DTPA, relied upon to his detriment, and which is actionable under Section 17.50(a)(2) of the Texas DTPA and for which Plaintiff seeks recovery.

Defendants' breach of warranty to Plaintiff caused injury to Plaintiff, which resulted in damages identified in this cause of action, which Defendants are responsible to pay.

### CAUSE OF ACTION: BREACH OF CONTRACT

Plaintiff hereby brings cause of action against Defendants for breach of contract. According to the facts and claims stated above, Defendants' actions, inactions and/or omissions, including but not necessarily limited to failing to apprise Plaintiff of the aircraft problems, constitute a breach of contract.

Scanned with CamScanner

Defendants' breach of contract with Plaintiff proximately caused injury to Plaintiff, which resulted in damages, which Defendants are responsible to pay.

### CAUSE OF ACTION: NEGLIGENCE

Plaintiff hereby brings a cause of action against Defendants for negligence.

According to the facts or claims stated above, Defendants are guilty of certain action, inactions, wrongs and/or omissions, each and all amounting to negligence. Defendants owed a legal duty to Plaintiff to be honest and forthcoming in their dealings with Plaintiff, and to refrain from hiding or concealing evidence of significant problems with aircraft. Defendants breached their duty to Plaintiff.

Defendants' breach of their duties to Plaintiff proximately caused injury to Plaintiff that resulted in damages, which Defendants are responsible to pay.

### CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

Plaintiff hereby brings a cause of action against Defendants for negligent misrepresentation. According to the facts and claims stated above, the actions, inactions and conduct of Defendants constitute negligent misrepresentation. Plaintiff's claim for negligent misrepresentation is based on the following:

a. Defendants made representations to Plaintiff regarding the subject aircraft in the course of Defendants' business or in a transaction in which Defendants had an interest;

b. Defendants supplied false information for the guidance of Plaintiff, and Defendants misrepresented to Plaintiff that the subject aircraft had characteristics that it did not otherwise have;

c. Defendants did not exercise reasonable case or competence in obtaining or communicating the subject information'

Scanned with CamScanner

d. Plaintiff justifiably relied on Defendants' representations regarding the aircraft at issue; and

e. Defendants' negligent misrepresentations proximately caused Plaintiff to sustain injury and damages for which Defendants are responsible to pay.

## CAUSE OF ACTION: FRAUD

Plaintiff hereby brings a cause of action against Defendants for fraud. Pursuant to the foregoing facts and claims, the actions, inactions and/or conduct of Defendants constitute fraud against Plaintiff. Defendants falsely represented to Plaintiff that the aircraft at issue was free from problems, when the Defendants specifically knew about the issues before Defendants sold the aircraft to Plaintiff. Defendants subsequently failed to disclose this material matter concerning the safety and integrity of the aircraft to Plaintiff. Plaintiff relied on such representations made by Defendants, to Plaintiff's detriment. Defendants' conduct proximately caused damage to Plaintiff and Plaintiff's property.

Furthermore, Plaintiff is entitled to actual damages, exemplary damages, interest, court costs and attorney's fees from Defendants for their fraudulent actions, inactions, and/or conduct, which Defendants are responsible to pay.

## KNOWLEDGE AND/OR INTENTIONAL CONDUCT

Defendants' wrongful acts described above, together and singularly, were done "knowingly" and/or "intentionally" as those terms are used in the DTPA and were producing cause of Plaintiff's damages described in this petition.

Scanned with CamScanner

## ACTS OF AGENTS

Whenever in this Petition is alleged that Defendants did any act, it is meant that Defendants performed or participated in the act of or Defendants' agent(s) or authorized representative(s) performed or participated in the act of behalf of and under the authority of Defendants.

## DAMAGES

As a consequence of the violations of DTPA, breach of warranties, breach of contract, fraud, negligent misrepresentation, and/or negligence, Plaintiff has incurred actual and/or consequential damages, including but not limited to the following:

a. A $30,000.00 payment Plaintiff made for the aircraft because of the false representations made by Defendants about a matter that made the aircraft unusable;

b. $10,000.00 for the cost and repair of such aircraft;

c. Lost time incurred in attempting to get Defendants to perform their obligations; and/or

d. Out of pocket expenses paid for by Plaintiff in reliance on Defendants' proper performance.

The described damages were proximate and producing consequences of the defects in Defendants' performance and Defendants' knowingly and/or intentional violation of the Texas DTPA, fraud, negligent misrepresentation, breach of warranties, breach of contract and/or negligence. As such, Plaintiff also seeks exemplary and/or treble damages from Defendants

Pursuant to Rule 47 of the Texas Rules of Civil Procedure and the foregoing factual allegations and claims asserted by Plaintiff against Defendants, the maximum amount of damages, excluding exemplary damages that Plaintiff seeks to recover from Defendants, is between 40,000-$75,000.

## ATTORNEY'S FEES

Plaintiff seeks all reasonable and necessary attorney fees in this case, which include the following:

a. Preparation and trial of this lawsuit;

b. Post-trial and pre-appeal legal services;

c. An appeal to the Court of Appeals;

d. Making or responding to an Application for Writ of Error to the Supreme Court of Texas;

e. An appeal to the Supreme Court of Texas in the event Application for Writ of Error is granted, and/or

f. Post-judgment discovery and collection in the event execution and judgment is necessary; and

g. Pre-judgment and post-judgment interest.

Plaintiff puts Defendants on notice of his claim for attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

## CONDITIONS PRECEDENT AND RELATION BACK

All conditions precedent and pre-suit notice requirements to recover damages from Defendants have been performed and/or met regarding the claims asserted herein by Plaintiff.

## ALTERNATIVE PLEADINGS

All pleadings are in the alternative.

## INCORPORATION OF ALLEGATIONS

All allegations made herein are incorporated into every other titled allegation.

Scanned with CamScanner

## JURY DEMAND

Plaintiff requests that all causes of action alleged herein be tried before a jury of citizens residing in Jefferson County, Texas.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests the Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2, if not already disclosed.

## SELF-AUTHENTICATION

Plaintiff hereby invokes Rule 193.7 of the Texas Rules of Civil Procedure regarding self-authentication. This is a notice that Plaintiff may use in pretrial or trial any pleading filed or document produced by Defendants.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have an recover such sum as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, consequential damages, treble damages under the Texas DTPA, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and appeal of this case, for all costs of court expended on his behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled to receive.

Respectfully submitted,

/s/ Thomas J. Burbank
THOMAS J. BURBANK
505 West Lucas at Calder
Beaumont, Texas   77706
(409) 895-0200
(409) 895-0080 FAX
Texas Bar No. 03355340

Scanned with CamScanner